IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BRAMLETT,<br><br>Defendant. | Case No. CR11-1001<br><br>ORDER FOR PRETRIAL DETENTION |

On the 17th day of March, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Anthony R. Morfitt. The Defendant appeared personally and was represented by his attorney, Jill M. Johnston.

## RELEVANT FACTS

On March 9, 2011, Defendant Michael Bramlett was charged by Indictment (docket number 3) with possession of an unregistered sawed-off shotgun (Count 1), unlawful transfer of a sawed-off shotgun (Count 2), and being a felon in possession of firearms (Count 8). Defendant has entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on May 16, 2011.

Special Agent Tim Hunt of the Bureau of Alcohol, Tobacco, and Firearms, testified regarding the circumstances underlying the instant charge. On August 26, 2010, a confidential informant ("CI") purchased two firearms from Defendant. Specifically, the CI purchased a handgun and a short-barrelled shotgun.[1] Both firearms were in working order.

---

[1] The barrel of the shotgun was 14 inches long.

1

On September 10, 2010, a search warrant was executed at Defendant's residence. Law enforcement officers found four firearms in Defendant's bedroom. One firearm was found under the mattress of Defendant's bed, and the remaining three firearms were found in Defendant's closet.

Special Agent Hunt spoke with Defendant, and Defendant admitted knowing that the firearms were in his bedroom. Defendant indicated that he owned the firearms with a co-defendant in this case, Norrisa Moffett. Moffett purchased the four firearms, but Defendant admitted being present when some of the firearms were purchased. When Special Agent Hunt spoke with Defendant on a later date, Defendant stated that he needed the firearms for protection. At that time, Defendant also admitted handling the firearms and showing Moffett how to take care of them.

According to the pretrial services report, Defendant is 27 years old. He was born and raised in Chicago, Illinois. He lived in Wisconsin from 2003 to 2006. He then lived in Joliet, Illinois from 2007 to 2010. In January 2010, Defendant moved to Waterloo, Iowa, where he lived until June 2010, when he moved to Dubuque, Iowa. Defendant is single and has never been married. He has one daughter from a prior relationship. His daughter resides with her mother in Dubuque.

Defendant has been unemployed since 2008. According to Defendant, he has worked at a Wal-Mart warehouse in Amherst, Illinois, and done landscaping in the past. He advised the pretrial services officer that he is in fair to poor health. According to Defendant, he suffers from Miller-Fisher syndrome, which allegedly involves an infection of the brain and spinal chord. Defendant does not currently take any medication for his condition. He has no past or present mental health or emotional concerns. Defendant denied ever abusing alcohol, and reported experimental use of marijuana in 2009.

In July 2003, Defendant was charged with possession of marijuana in Cook County, Illinois. The charge was later stricken from the docket. In September 2004, Defendant was charged and later convicted in Wisconsin of manufacturing and delivery of cocaine and marijuana. Defendant was sentenced to 18 months in prison. On April 18, 2006, he

was released from prison on extended supervision. In October 2004, while the Wisconsin case was pending, Defendant was charged with obstructing the law in Ionia County, Michigan. The disposition of that case is unknown.

In May 2009, Defendant was arrested for manufacturing and delivering marijuana and illegal possession of ammunition, in Will County, Illinois. The charges in that case, however, were not filed by the state's attorney. On January 6, 2011, Defendant was charged and later convicted of possession of marijuana in Jo Daviess County, Illinois. On February 23, 2011, Defendant was given a "1 year conditional discharge."

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where

a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession of an unregistered saw-off shotgun, unlawful transfer of a sawed-off shotgun, and being a felon in possession of a firearm, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of an unregistered sawed-off shotgun, unlawful transfer of a sawed-off shotgun, and being a felon in possession of a firearm. The weight of the evidence against Defendant is strong. As to counts 1 and 2, a CI purchased a short-barrelled shotgun and a handgun from Defendant on August 26, 2010. As to count 8, on September 10, 2010, law enforcement executed a search warrant and found four firearms in Defendant's bedroom. Defendant admitted to Special Agent Hunt that: (1) he knew the firearms were located in his bedroom; (2) he handled the firearms; and (3) he showed co-defendant, Norrisa Moffett, how to take care of the firearms. At one point, Defendant allegedly referred to the weapons as "my guns." Although Defendant claims that Moffett purchased the firearms, the evidence is such that a jury could conclude that Defendant was in possession of the firearms. It is also undisputed that Defendant is a convicted felon.

Defendant was involved in the possession and transfer of firearms, including a short-barrelled shotgun. Defendant also has an ongoing history of possession and manufacture of drugs. Significantly, Defendant was recently charged and later convicted of possession of marijuana in Jo Daviess County, Illinois. This offense occurred after the search warrant was executed on September 10, 2010. Additionally, Defendant has limited contacts in Iowa, having lived in Iowa for just over one year. Therefore, having considered all the facts and circumstances, and the strength of the evidence in this case, the Court finds Defendant should be detained.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. Also, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained

prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 15, 2011) to the filing of this Ruling (March 17, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 17th day of March, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA